STATE of Maine

v.

**Daniel CHAMBERLAND.**

Supreme Judicial Court of Maine.

Argued Sept. 9, 1985.

Decided Oct. 10, 1985.

Janet T. Mills, Dist. Atty., Marilyn Woodside, Law Student Intern (orally), Auburn, for plaintiff.

Peters & Randlett, Mark Randlett (orally), Lewiston, for defendant.

Before McKUSICK, C.J., and ROBERTS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

ROBERTS, Justice.

Daniel Chamberland appeals from the order of the Superior Court, Androscoggin County, revoking probation and committing Chamberland in execution of the remainder of a two-year sentence previously imposed. Chamberland contends that the court should have granted his motion to dismiss the proceedings for revocation of his probation because of the failure to hold a preliminary hearing. We reject Chamberland's contention and affirm the decision of the Superior Court.

Although the record includes more than one motion for revocation of probation, we need discuss only the motion filed on December 31, 1984 which resulted in Chamberland's commitment. Chamberland had

been arrested on December 28 upon a new charge of possession of a firearm by a felon. Chamberland had not yet furnished bail on the firearm charge when he appeared in Superior Court on December 31 upon the motion to revoke his probation. At that time Chamberland was denied bail on the probation proceeding pursuant to 17-A M.R.S.A. § 1205(5).[1] On January 9, 1985 Chamberland appeared in District Court on the possession of a firearm charge. He was later indicted on that charge in Superior Court. At no time did Chamberland furnish bail on the firearm charge. On February 8, 1985 the Superior Court heard and denied Chamberland's motion to dismiss and motion to reconsider bail in the revocation proceeding, both grounded upon the denial of a preliminary hearing. A hearing on the merits of the probation violation resulted in a revocation order on February 20, 1985. Chamberland has appealed from that order.

■ Chamberland argues that the requirement of a preliminary hearing is triggered by an order setting bail on the new offense regardless whether that bail has been furnished. We disagree. Section 1205 as originally enacted may have required a preliminary hearing in every case. By P.L. 1977 ch. 510 § 71 the Legislature substituted a new section. The third sentence of the new subsection 1205(5) provides that a probationer incarcerated upon a new offense must be afforded a preliminary hearing *only* if he has been released on bail on the new charge *and* has not been released on bail on the probation violation *and* has not been afforded a court hearing. To trigger the preliminary hearing in those circumstances all three conditions must oc-

cur. Otherwise the preliminary hearing would be a futile gesture.

■ Chamberland insists that his interpretation of subsection 1205(5) is mandated by the due process requirements of the Fourteenth Amendment of the U.S. Constitution and article I, section 6-A of the Maine Constitution. The principal authorities he cites, however, are inapposite. Both *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), and *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), involved the necessity of a preliminary hearing before incarceration for any substantial time, or removal for any substantial distance, of a probation violator (*Gagnon*) or parole violator (*Morrissey*). The protective device of a preliminary hearing is not constitutionally required unless and until the probationer is incarcerated solely on the revocation process.

■ Chamberland further argues that to require him actually to furnish bail on the new offense is a denial of equal protection. He cites no authority suggesting that a bail requirement, otherwise not excessive, deprives the indigent defendant of equal protection. The preliminary hearing requirement is not a discovery device to which the probationer is entitled. Rather, it merely protects against unwarranted incarceration. *Gagnon, Morrissey,* and our opinion in *State v. Maier*, 423 A.2d 235 (Me.1980), recognize the due process protection (albeit limited) to be afforded a person charged with a probation violation. They do not, however, require the preliminary hearing claimed as of right by Chamberland. As a result, we need not decide what, if any,

---

1. 17-A M.R.S.A. § 1205(5) provides

If a person on probation is charged with or convicted of a new offense and is incarcerated as a result of the pending charge or conviction, a motion for revocation as described in subsection 2 may be filed with the court. Upon filing of the motion, the court may order the person committed with or without bail, pending the court hearing or pending the preliminary hearing. A person incarcerated pursuant to this subsection shall be afforded a preliminary hear-

ing only if he has been released on bail on the pending criminal charge or pending appeal following a conviction, and has not been released on bail on the alleged violation of probation and has not been afforded a court hearing within the time period specified in subsection 4. A person not entitled to a preliminary hearing under this subsection shall be furnished with a copy of the motion prior to the court hearing on the alleged violation.

consequences ensue from a denial of release on personal recognizance pursuant to subsection 1205(6).

The entry is:

Judgment affirmed.

All concurring.